FILED
COURT OF APPEALS
DIVISION II

2014 OCT -7 AM 10: 57

STATE OF WASHINGTON

DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In re the Personal Restraint Of | No. 44984-6-II |
| CHRISTOPHER LEE OLSEN, | UNPUBLISHED OPINION |
| Petitioner. | |

LEE, J. — Christopher Lee Olsen was convicted of one count of first degree felony murder. His conviction was affirmed by this court and our Supreme Court. The Supreme Court issued its mandate on February 12, 2013. In this timely personal restraint petition (PRP), Olsen argues that he is entitled to a new trial because of prosecutorial misconduct and ineffective assistance of counsel. Here, any prosecutorial misconduct that may have occurred was not prejudicial and Olsen fails to present any competent evidence supporting his claims of ineffective assistance of counsel. Accordingly, we deny Olsen's petition.

## FACTS

On January 29, 2007, Olsen and Michael Sublett murdered Jerry Totten. *State v. Sublett*, 176 Wn.2d 58, 66-67, 292 P.3d 715 (2012). Sublett's girlfriend April Frazier was with Sublett and Olsen the night of the murder. *Sublett*, 176 Wn.2d at 65. Frazier testified at trial. *Sublett*, 176 Wn.2d at 66. According to Frazier, both Sublett and Olsen beat Totten. *Sublett*, 176 Wn.2d at 66. However, Olsen claimed that he was not present when Totten was killed; he only helped loot Totten's home and move Totten's body. *Sublett*, 176 Wn.2d at 66-67. The State charged Olsen

with premeditated first degree murder and with felony murder in the alternative. *Sublett*, 176 Wn.2d at 67.

At trial, the State introduced recorded jail calls in which Olsen referenced a gun. During direct examination, defense counsel asked Olsen to explain what type of gun he was referring to and Olsen answered "a 25-millimeter flare gun from Boater's World." 8 Report of Proceedings (RP) at 856. During cross-examination regarding the statements on the jail phone calls, Olsen reiterated that he had been referring to a flare gun. Later, on recross-examination, Olsen stated that he would not use a gun. The trial court found that Olsen's assertion that he would not use a gun allowed the State to ask him if he had been convicted of unlawful possession of a firearm in 2006. Olsen answered that he had been convicted of unlawful possession of a firearm, and the prosecutor moved on.

During closing arguments, the prosecutor used a slide show. The slide show included three slides that Olsen now challenges:

1.     The first slide in the presentation titled "State of Washington vs. Michael Sublett and Christopher Olsen" with Sublett's and Olsen's booking photos above the caption "Murder in the First Degree Premeditated Murder or Felony Murder." Response to PRP, App. at 1 (some capitalization omitted);

2.     The ninth slide in the presentation, which is identical to the first. Response to PRP at App. at 9; and

3.     The final slide in the presentation showed Sublett's and Olsen's booking photos inside a circle; around the circle were the terms "motive," "planning," "execution," "burglary," "robbery," "death," "deception," and "flight," each term had an arrow point from the term itself to

2

the photos in the circle; the word guilty was superimposed over the booking photos.[1] Response to PRP at App. at 47.

When the prosecutor showed the ninth slide during closing argument, Olsen's defense counsel objected to the prosecutor "using unadmitted exhibits in this case" and asked for the slide to be taken down. 9 RP at 977. The trial court began to excuse the jury, but the prosecutor agreed to take the slide down and move along with his argument. Olsen's defense counsel also objected to the final slide of the prosecutor's closing argument slide show. In response to defense counsel's objection, the trial court instructed the prosecutor to "move on" and to "take that picture off." 9 RP at 1003.

A jury found Olsen guilty of first degree felony murder. *Sublett*, 176 Wn.2d at 67. Olsen appealed his conviction, and we affirmed. *State v. Sublett*, 156 Wn. App. 160, 231 P.3d 231 (2010). Our Supreme Court granted Olsen's petition for review and affirmed his conviction. *Sublett*, 176 Wn.2d at 65. Olsen's case was mandated on February 12, 2013. He filed this timely personal restraint petition on June 4, 2013.

ANALYSIS

Olsen argues that he is entitled to a new trial because the prosecutor committed misconduct during closing argument and he received ineffective assistance of counsel. To be entitled to relief in a personal restraint petition, Olsen must show either a constitutional error that resulted in actual and substantial prejudice or a nonconstitutional error that resulted in a complete miscarriage of

---

[1] This final slide is actually the end of a series of slides that starts out with only the photos in a circle, and each progressive slide adds a term and arrow pointing towards the photos in the center of the circle. Apparently, the prosecutor is discussing the evidence as each term and arrow is added to the slide.

justice. *In re Pers. Restraint of Cook*, 114 Wn.2d 802, 810-13, 792 P.2d 506 (1990). Olsen must support his claims of error with a statement of facts on which his claim of unlawful restraint is based and the evidence available to support his factual allegations; he cannot rely solely on conclusory allegations. RAP 16.7(a)(2)(i); *In re Pers. Restraint of Williams*, 111 Wn.2d 353, 365, 759 P.2d 436 (1988); *see also Cook*, 114 Wn.2d at 813-14. Olsen also must state with particularity facts, which, if proven, would entitle him to relief and must present evidence showing his factual allegations are based on more than mere speculation, conjecture, or hearsay. *In re Pers. Restraint of Rice*, 118 Wn.2d 876, 886, 828 P.2d 1086, *cert. denied*, 506 U.S. 958 (1992). If the petitioner's allegations are based on matters outside the existing record, he must demonstrate that he has competent, admissible evidence to establish the facts that entitle him to relief. *Rice*, 118 Wn.2d at 886. "[A] mere statement of evidence that the petitioner *believes* will prove his factual allegations is not sufficient." *Rice*, 118 Wn.2d at 886. "If the petitioner's evidence is based on knowledge in the possession of others, he may not simply state what he thinks those others would say, but must present their affidavits or other corroborative evidence." *Rice*, 118 Wn.2d at 886.

Olsen alleges that he is entitled to relief based on prosecutorial misconduct and numerous alleged incidents of ineffective assistance of counsel. Olsen has failed to identify any instances of reversible prosecutorial misconduct and he has failed to demonstrate that his counsel's performance was deficient. Accordingly, Olsen has failed to demonstrate that he is entitled to relief, and we deny his personal restraint petition.

A. PROSECUTORIAL MISCONDUCT

To prevail on a claim of prosecutorial misconduct, a petitioner must show that in the context of the record and all the trial circumstances, the prosecutor's conduct was improper and prejudicial. *State v. Thorgerson*, 172 Wn.2d 438, 442, 258 P.3d 43 (2011). To show prejudice, a petitioner must show a substantial likelihood that the misconduct affected the verdict. *Thorgerson*, 172 Wn.2d at 442-43. In analyzing prejudice, we do not look at the comment in isolation but in the context of the total argument, the issues in the case, the evidence, and the instructions given to the jury. *State v. Yates*, 161 Wn.2d 714, 774, 168 P.3d 359 (2007), *cert. denied*, 554 U.S. 922 (2008) (quoting *State v. Brown*, 132 Wn.2d 529, 561, 940 P.2d 546 (1997)). If a petitioner fails to object to misconduct at trial, he waives the issue unless he establishes that the misconduct was so flagrant and ill intentioned that it caused an enduring prejudice that could not have been cured with an instruction to the jury. *Thorgerson*, 172 Wn.2d at 443. The focus of this inquiry is more on whether the resulting prejudice could have been cured, rather than the flagrant and ill intentioned nature of the remark.[2] *State v. Emery*, 174 Wn.2d 741, 762, 278 P.3d 653 (2012).

Olsen argues that the prosecutor committed misconduct during his closing argument by using improper and prejudicial slides during closing argument. Olsen alleges that (1) the

---

[2] When a petitioner claims prosecutorial misconduct as a ground for collateral attack in a personal restraint petition, the petitioner must first demonstrate that reversible prosecutorial misconduct occurred under the standard we apply on direct review, which is discussed above. Once the petitioner has met the standard applied on direct review, the petitioner must then show that he can meet the higher burden of actual and substantial prejudice required for collateral attacks in a personal restraint petition. *In re Pers. Restraint of Monschke*, 160 Wn. App. 479, 496, 251 P.3d 884 (2010). Because Olsen cannot meet his burden to show that the prosecutor's conduct would be reversible misconduct under the direct review standard, we do not address whether Olsen has met the higher burden of showing actual and substantial prejudice required for a collateral attack based on prosecutorial misconduct in a personal restraint petition.

prosecutor committed misconduct by using his booking photo in the slides, and (2) the prosecutor committed misconduct by using captions on the slides. Although the prosecutor improperly presented unadmitted evidence by using Olsen's booking photo, the prosecutor's conduct was not prejudicial. And, the prosecutor's remaining conduct was not improper. Therefore, Olsen cannot show that he is entitled to relief.

### 1. Booking Photo

Olsen argues that the prosecutor committed misconduct because his booking photo had not been admitted into evidence. We agree that this was improper. *In re Pers. Restraint of Glasmann,* 175 Wn.2d 696, 704-05, 286 P.3d 673 (2012) (holding it is error to submit evidence to the jury that has not been admitted at trial). However, it is not sufficient for Olsen to show that the prosecutor's conduct was improper; Olsen must also demonstrate prejudice. In *Glasmann,* the defendant's booking photos were substantially prejudicial because they showed the defendant "unkempt and bloody." 175 Wn.2d at 705. Here, there is nothing significant or prejudicial about Olsen's booking photo. From the copies of the slides provided to this court, it does not appear that Olsen is bloody, beaten, dirty, or disheveled in the photos. In fact, it does not even appear entirely clear that the photo is a booking photo as the photo shows Olsen from the neck up. Olsen has not demonstrated how the jury being shown his head shot photo had a substantial likelihood of affecting the verdict. Accordingly, Olsen has not demonstrated that the prosecutor has committed misconduct that would entitle Olsen to relief.

### 2. Captions on Slides

Olsen also argues that the prosecutor committed misconduct by adding captions to the first two slides and superimposing the word "guilty" over the booking photos in the last slide of the

presentation. Although we agree that a prosecutor should refrain from altering photographs with captions, superimposed words, or images, not all captions, titles, and superimposed words require reversal. In *Glasmann*, our Supreme Court did not simply rely on the altered photographs, or the fact that they were captioned, in reaching its decision. Rather, our Supreme Court engaged in the long-standing, two-part analysis for prosecutorial misconduct: first, we determine whether the conduct was improper, and second, we determine if the improper conduct was prejudicial. 175 Wn.2d at 703-07. In *Glasmann*, the prosecutor's conduct was improper because the prosecutor used his "position of power and prestige" to influence the jury and expressed in the captions a personal opinion regarding the defendant's guilt. 175 Wn.2d at 706. Here, the prosecutor did neither.

Here, the captions in the first two slides are not improper. The question before the jury was whether Olsen was guilty of first degree murder, and the State charged first degree murder by two alternative means. The caption here is no more than a statement of the charges against Olsen; it does not improperly suggest the prosecutor's personal opinion.

In the last slide, the prosecutor linked the image of Olsen's photo with a progressive presentation of admitted evidence that ultimately led to the word "guilty" superimposed over Olsen's photo. Thus, the prosecutor presented an argument rather than a personal expression of guilt. Accordingly, the prosecutor's conduct in this case was not improper, and Olsen has failed to meet his burden to show he is entitled to relief.

B. INEFFECTIVE ASSISTANCE OF COUNSEL

Olsen makes numerous claims of ineffective assistance of counsel. First, he argues that his defense counsel was ineffective for failing to move to dismiss a juror who lied about knowing

Olsen. He also claims that his counsel was ineffective for failing to investigate and present a diminished capacity defense based on voluntary intoxication. And, Olsen claims that his defense counsel was ineffective for "opening the door" and allowing the prosecutor to introduce evidence of his prior conviction for unlawful possession of a firearm. Olsen's ineffective assistance of counsel claims fail.

To prevail on an ineffective assistance of counsel claim, the petitioner must show that defense counsel's performance was deficient and that the defendant was prejudiced by the deficient performance. *In re Pers. Restraint of Crace*, 174 Wn.2d 835, 840, 280 P.3d 1102 (2012) (citing *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)). A petitioner demonstrates deficient performance by showing that defense counsel's conduct fell below an objective standard of reasonableness. *Rice*, 118 Wn.2d at 888 (citing *Strickland*, 466 U.S. at 686). "In this regard, the court must make every effort to eliminate the distorting effects of hindsight and must strongly presume that counsel's conduct constituted sound trial strategy." *Rice*, 118 Wn.2d at 888-89 (citing *Strickland*, 466 U.S. at 689). Defense counsel's duties include making a reasonable investigation or making a reasonable decision that a particular investigation is unnecessary. *Rice*, 118 Wn.2d at 889 (citing *Strickland*, 118 Wn.2d at 691). Defense counsel's decision not to investigate must be assessed given all the circumstances. *Rice*, 118 Wn.2d at 889 (citing *Strickland*, 466 U.S. at 691). In addition, to show deficient performance, the petitioner must show the absence of any conceivable legitimate trial tactic explaining counsel's performance. *State v. Grier*, 171 Wn.2d 17, 33, 246 P.3d 1260 (2011).

A petitioner demonstrates prejudice when he is able to show a "'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Crace*, 174 Wn.2d at 840 (quoting *Strickland*, 466 U.S. at 694). "[I]f a personal restraint petitioner makes a successful ineffective assistance of counsel claim, he has necessarily met his burden to show actual and substantial prejudice" under the standard for obtaining collateral relief. *Crace*, 174 Wn.2d at 846-47.

### 1. Juror Misconduct

Olsen argues that he received ineffective assistance of counsel because his defense counsel failed to investigate and take appropriate action regarding alleged juror misconduct. Specifically, Olsen claims that he knew one of the jurors from jail church services and that he had previously prayed with the juror about the case. He further claims that he shared this information with his defense counsel, and defense counsel refused to investigate or take any action.

However, Olsen does not present any evidence establishing either claim. Nothing, besides Olsen's self-serving affidavit, establishes that the juror lied or that Olsen's counsel was aware of the alleged misconduct. A petitioner's self-serving affidavit is insufficient to support a claim of ineffective assistance of counsel. *State v. Osborne*, 102 Wn.2d 87, 97, 684 P.2d 683 (1984) (defendant's bare, self-serving allegations in an affidavit are not sufficient to show involuntariness of a plea). In order to meet his burden to establish that defense counsel's performance was deficient, Olsen must present competent, admissible evidence establishing that defense counsel failed to investigate the allegations of juror misconduct. *Rice*, 118 Wn.2d at 886. Olsen has not presented such evidence. Therefore, Olsen's ineffective assistance of counsel claim based on alleged failure to investigate juror misconduct fails.

2. Voluntary Intoxication

Olsen claims that defense counsel failed to properly investigate a voluntary intoxication defense. Olsen has not presented any competent evidence establishing either that (1) his defense counsel actually failed to investigate a voluntary intoxication defense or (2) a voluntary intoxication defense was even available.

First, Olsen has not submitted competent evidence supporting his allegation that his defense counsel failed to investigate the possibility of a voluntary intoxication defense. As explained above, Olsen's bare, self-serving allegations are not competent evidence supporting his allegations. Because Olsen has not presented any additional evidence establishing that his defense counsel failed to investigate a voluntary intoxication defense, Olsen has failed to present competent, admissible evidence supporting his allegation that his defense counsel's performance was deficient.

Second, even if Olsen could show that his defense counsel failed to investigate a voluntary intoxication defense, he has not shown that he would be entitled to a voluntary intoxication instruction if his defense counsel had performed an investigation. To support his claim that he was entitled to a voluntary intoxication instruction, Olsen must do more than demonstrate that he had consumed methamphetamine; he must also demonstrate that there is substantial evidence of the effects of the drug on the [his] body or mind, and the evidence must "reasonably and logically connect the [his] intoxication with the asserted inability to form the required level of culpability to commit the crime charged." *State v. Gabryschak*, 83 Wn. App. 249, 252-53, 921 P.2d 549 (1996). Here, the "evidence" that Olsen has submitted consists of articles obtained from the internet documenting the effect of methamphetamine. PRP Attachment 7-9. These articles are hearsay

and are not admissible as evidence to prove the effects of methamphetamine on the body or mind unless they were relied on by an expert. ER 801, 802, 703. Even if the articles were admissible, Olsen has not presented anything that demonstrates how his consumption of methamphetamine affected his ability to form the requisite intent to commit the crimes charged. Without presenting affidavits from experts or some other evidence establishing a prima facie case that he would have been entitled to a voluntary intoxication defense or instruction, Olsen cannot establish that his defense counsel's performance was deficient for failing to present a voluntary intoxication defense. Accordingly, Olsen's ineffective assistance of counsel claim based on a failure to present a voluntary intoxication defense fails.

3. Unlawful Possession of a Firearm Conviction

Olsen alleges that counsel was ineffective because he "opened the door" and allowed the State to introduce evidence of Olsen's conviction for unlawful possession of a firearm. PRP at 25. We disagree.

It was a legitimate trial tactic for defense counsel to have Olsen explain his reference to a gun in the jail call in an attempt to mitigate the prejudicial effect of that comment. We agree that, based on follow up questions to Olsen's testimony, this ultimately resulted in the State being permitted to introduce Olsen's prior conviction for unlawful possession of a firearm. However, even if defense counsel could be held responsible for the entire chain of events that unfolded after defense counsel asked Olsen about his gun reference in the jail call, defense counsel's conduct was a legitimate trial tactic and cannot be the basis for an ineffective assistance of counsel claim.

11

No. 44984-6-II

C. CUMULATIVE ERROR

Olsen also argues that he is entitled to relief because of the cumulative effect of the errors in his case. Under the cumulative error doctrine, a defendant may be entitled to a new trial when the multiple errors combined deny the defendant a fair trial. *In re Pers. Restraint of Lord*, 123 Wn.2d 296, 332, 868 P.2d 835, 870 P.2d 964, *cert. denied*, 513 U.S. 849 (1994). Here, Olsen has failed to identify multiple errors in his trial. Accordingly, Olsen is not entitled to relief under the cumulative error doctrine.

Olsen has failed to demonstrate prosecutorial misconduct and his ineffective assistance of counsel claims fail. Accordingly, Olsen's personal restraint petition is denied.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Lee, J.

We concur:

_____
Bjorgen, A.C.J.

_____
Hunt, J.P.T.

12