IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 35128-9-III |
| | ) | (consolidated with |
| Respondent, | ) | No. 35516-1-III) |
| | ) | |
| v. | ) | |
| | ) | |
| ASIL L. HUBLEY, | ) | |
| | ) | |
| Appellant. | ) | UNPUBLISHED OPINION |
| | ) | |
| _____ | ) | |
| | ) | |
| In the Matter of the Personal Restraint of | ) | |
| | ) | |
| ASIL L. HUBLEY, | ) | |
| | ) | |
| Petitioner. | ) | |

PENNELL, J. — In this combined direct appeal and personal restraint petition

(PRP), Asil L. Hubley challenges his convictions and sentences for child molestation

and rape. We affirm.

FACTS

Mr. Hubley was arrested after his two daughters disclosed multiple acts of sexual abuse. The older daughter, L.H., revealed that Mr. Hubley began molesting her in 2010 when she was aged 13. L.H. reported that Mr. Hubley's conduct grew increasingly severe and ended with Mr. Hubley engaging L.H. in intercourse when she was 15. Mr. Hubley's younger daughter, Z.E., also disclosed multiple instances of molestation, beginning when she was either 7 or 8. Z.E.'s allegations included acts of sexual intercourse.

The State charged Mr. Hubley with two counts of child molestation and two counts of child rape. One of the rape counts pertained to L.H. and the other to Z.E. The child molestation counts pertained solely to L.H. Those counts were separated into second and third degree child molestation, due to L.H.'s age at the time of the offenses. Count I alleged Mr. Hubley committed second degree child molestation by engaging in sexual contact with L.H. (age 13) on or about July 9, 2010 to July 18, 2011. Count II alleged Mr. Hubley committed third degree child molestation by engaging in sexual contact with L.H. (age 14-15) between July 19, 2011 and August 30, 2012. Count III alleged Mr. Hubley committed third degree rape of a child by engaging in sexual intercourse with L.H. (age 15) between August 1, 2012 and August 31, 2012. Count IV

2

alleged Mr. Hubley committed first degree rape of a child by engaging in sexual

intercourse with Z.E. (age 7-8) between June 1, 2012 and December 31, 2012.

A jury found Mr. Hubley guilty on all four counts. At sentencing, the trial

court calculated Mr. Hubley's offender score as 9. The court imposed 116 months of

incarceration for count I, 60 months each for counts II and III, and an indeterminate

sentence of 276 months to life on count IV. All sentences were ordered to run

concurrently.

Mr. Hubley has filed a timely appeal which has been consolidated with his PRP.[1]

ANALYSIS

*Argument raised on direct appeal—challenge to offender score*

Under the Sentencing Reform Act of 1981, chapter 9.94A RCW, the sentencing

range for each discrete conviction is calculated according to the offense and the

defendant's criminal offender score. RCW 9.94A.505(1), .525, .530. When a defendant

is sentenced for multiple offenses during the same proceeding, the default rule treats other

current offenses as if they were prior convictions for the purpose of

---

[1] Mr. Hubley has also filed a two-page statement of additional grounds for review (SAG), alleging four errors with his judgment and sentence. The arguments set forth in the SAG are conclusory and repetitive of arguments raised in Mr. Hubley's PRP and by legal counsel. They therefore do not warrant separate analysis.

calculating the offender score. RCW 9.94A.589(1)(a). However, if the sentencing court finds that some or all of the defendant's current offenses encompass the "same criminal conduct," then those offenses shall be counted only as one crime when computing the score. *Id.*; *State v. Reyna Valencia*, 2 Wn. App. 2d 121, 125, 416 P.3d 1275, *review denied*, 190 Wn.2d 1020, 418 P.3d 798 (2018).

Whether multiple crimes constitute the same criminal conduct is a question of fact. *State v. Aldana Graciano*, 176 Wn.2d 531, 536, 295 P.3d 219 (2013). The inquiry turns on whether the crimes "require the same criminal intent, are committed at the same time and place, and involve the same victim." RCW 9.94A.589(1). The defendant bears the burden of proving that two or more current offenses are based on the same criminal conduct. *Reyna Valencia*, 2 Wn. App. 2d at 125.

We review the trial court's disposition of this issue for abuse of discretion or misapplication of law. *Aldana Graciano*, 176 Wn.2d at 536.

Mr. Hubley argues that Count II (third degree child molestation against L.H.) and Count III (third degree rape against L.H.) involved the same criminal conduct and, as a result, should not have been counted separately in his offender score. We disagree. The trial court did not abuse its discretion in counting the two child molestation convictions separately. Although the time periods recited in Counts II and III overlapped,

4

L.H. testified to multiple instances of sexual assault during this time period. At one point, L.H. said that, when she was aged 14, Mr. Hubley assaulted her every other day. The trial court had ample basis for treating Counts II and III separately for purposes of calculating the offender score.

*PRP*

Mr. Hubley has filed a PRP alleging what appear to be six grounds for relief: (1) prosecutorial misconduct and ineffective assistance of counsel, (2) violation of his Fourteenth Amendment[2] "protective custody" rights, (3) insufficiency of the evidence, (4) discrimination in jury selection, (5) errors in the admission of evidence, and (6) a challenge to his offender score. None of Mr. Hubley's claims have merit.[3]

*Prosecutorial misconduct or ineffective assistance of counsel*

Mr. Hubley complains he was subjected to prosecutorial misconduct and ineffective assistance of counsel by references in voir dire summation to the O.J. Simpson trial. The record indicates that the only references to O.J. Simpson came from defense counsel, not the prosecution. The statements were made in an attempt to explain the

---

[2] U.S. CONST. amend. XIV.

[3] To the extent Mr. Hubley's PRP references additional claims, they are too vague to warrant review. RAP 16.7(a)(2); *In re Pers. Restraint of Williams*, 111 Wn.2d 353, 364-65, 759 P.2d 436 (1988).

State's burden of proof. The choice to reference the O.J. Simpson trial as a rhetorical device was a strategic decision. As such, it is not grounds for relief from conviction under a theory of ineffective assistance of counsel. *State v. McNeal*, 145 Wn.2d 352, 362-63, 37 P.3d 280 (2002).

## *Violation of Fourteenth Amendment "protective custody" rights*

Mr. Hubley claims his rights to "protective custody" were violated because members of the public were permitted to view his trial. PRP at 4. This claim lacks legal support. Trials are open proceedings and the public has a right of access. WASH. CONST., art. I, §§ 10, 22.

## *Sufficiency of the evidence*

Mr. Hubley contends the State presented insufficient evidence to justify his convictions. His primary argument is that the State failed to present physical evidence of assault. This claim fails because physical evidence is not required to prove child molestation or rape. It is sufficient for the State to present testimonial evidence from percipient witnesses. Mr. Hubley also complains that the State's witnesses were impeached. This claim goes to the weight of the State's evidence, not its sufficiency.

*Racial composition of jury*

Mr. Hubley objects to the racial composition of his jury. This conclusory allegation fails for lack of factual support. *In re Pers. Restraint of Monschke*, 160 Wn. App. 479, 488, 251 P.3d 884 (2010).

*Objections to the State's evidence*

Mr. Hubley makes a variety of generalized objections to the evidence introduced at trial. To the extent Mr. Hubley's claims can be discerned, it appears he is claiming a violation of his constitutional right to confront witnesses.[4] He also claims that some of the State's witnesses might have been body doubles, fraudulently impersonating the State's actual witnesses. Mr. Hubley's confrontation clause claim fails because the State's witnesses testified and were subject to cross-examination. His claim with respect to the body doubles fails for lack of evidentiary support.

*Calculation of offender score*

Mr. Hubley challenges his offender score, arguing the trial court improperly used three domestic violence charges that had been dismissed. He also reiterates the argument his attorney raised on direct appeal. Mr. Hubley's claim regarding the domestic violence

---

[4] U.S. CONST. amend VI; WASH. CONST. art I, § 22.

7

convictions fails for lack of factual support. The remaining claim has already been addressed.

## CONCLUSION

The judgment of conviction is affirmed. Mr. Hubley's PRP is denied.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Pennell, J.

WE CONCUR:

Lawrence-Berrey, C.J.

Fearing, J.

8