[No. 37607-1-I.    Division One.    March 2, 1998.]

THE STATE OF WASHINGTON, *Respondent*, v. FRANK ALBERT
ANGEHRN, JR., *Appellant*.

*Thomas M. Kummerow* of *Washington Appellate Project,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Ronald Clark, Deputy,* for respondent.

COLEMAN, J. — Appellant Frank Angehrn, Jr. was convicted on four counts of robbery. Two counts alleged robbery in the first degree while armed with a deadly weapon and pertained to Angehrn's actions while robbing a Federal Way video rental store on September 18, 1994, and an Auburn gas station/convenience store on September 26, 1994. One count alleged attempted robbery in the second degree as the result of a September 26, 1994 incident where a salesperson at a Federal Way clothing store ran from the store after Angehrn handed her a robbery demand note. And One count alleged attempted robbery in the first degree while armed with a deadly weapon as the result of an incident on October 2, 1994, at a Federal Way gas station/convenience store. Because Angehrn had two previous first degree robbery convictions,[1] he was sentenced

---

[1]Angehrn was convicted in 1986 and 1990 for robbery in the first degree.

under the Persistent Offender Accountability Act (POAA)[2] to life imprisonment without the possibility of parole.

Angehrn claims that POAA violates various constitutional prohibitions. Because the Washington Supreme Court has ruled on most of Angehrn's challenges, we summarily address all but the claim that POAA constitutes prohibited ex post facto punishment. *See State v. Manussier*, 129 Wn.2d 652, 921 P.2d 473 (1996), *cert. denied*, 520 U.S. 1201 (1997); *State v. Rivers*, 129 Wn.2d 697, 921 P.2d 495 (1996); *State v. Thorne*, 129 Wn.2d 736, 921 P.2d 514 (1996). We find that POAA as applied to Angehrn does not constitute ex post facto punishment.

In addition, Angehrn alleges that his conviction and sentence enhancement on the count asserting attempted robbery in the first degree while armed with a deadly weapon should be reversed because there was insufficient evidence to convict. We find that there was sufficient evidence for a jury to convict on both the underlying crime and the deadly weapon sentence enhancement.[3]

## FACTS

Because Angehrn challenges only the sufficiency of the evidence on the attempted first degree robbery while armed with a deadly weapon charge, we include only the facts pertaining to this count.

Tammy Johnson, a cashier at the Auburn Chevron Food Mart Station, noticed the appellant's car enter the station and pull up to a fuel pump. Johnson wrote down a brief description of the vehicle as well as its license plate number

---

[2]Commonly referred to as "three-strikes and you're out," Initiative 593, passed by Washington voters in November 1993, amended sections of the Sentencing Reform Act of 1981 (SRA). RCW 9.94A.

[3]Because Angehrn was also convicted on the two counts of robbery in the first degree while armed with a deadly weapon, the validity of the deadly weapon sentence enhancement on the attempted second degree robbery count will not affect Angehrn's classification as a persistent offender or his sentence to life imprisonment without the possibility of parole.

because the station, a pay-after-you-pump station, was experiencing an unusual number of people driving off without paying. Angehrn fueled his car, paid for the fuel, and then returned to his vehicle. Johnson noticed that Angehrn's vehicle did not leave the station.

Angehrn returned to the store five to ten minutes later, shortly after another customer left. He handed Johnson a handwritten note that read: "Robbery, Give me all your cash." Johnson told Angehrn that she could not open the till without first making a sale. Angehrn responded something to the effect of "make a sale or something, or do something to get it open." Johnson was unable to open the till as she had jammed the cash register by inadvertently pushing an incorrect key. As Johnson was trying to open the till, she noticed Angehrn reach towards his left hip. Johnson saw a slightly curved, black handle protruding from Angehrn's waist-band and assumed it was a gun.

As another customer approached the store, Angehrn said, "screw it," picked up the note, returned to his car, and left. Johnson immediately called 911 and reported the attempted robbery.

An officer responding to the attempted robbery observed and attempted to stop a car matching Johnson's description of the robber's car. After a somewhat protracted vehicle chase, Angehrn was arrested. During the pursuit, the officer observed Angehrn repeatedly direct his attention to the passenger seat of his car. A black- and red-handled knife with a blade of less than three inches and a robbery demand note were seized from the passenger seat of Angehrn's car.

Johnson positively identified Angehrn as the man who attempted to rob her.

## DISCUSSION

<u>Ex Post Facto</u>

■ Both the United States and Washington Constitutions contain ex post facto clauses. U.S. Const. art. I, § 10;

Const. art. I, § 23. The ex post facto clauses prohibit states from enacting any law that (1) punishes an act that was not punishable at the time the act was committed, (2) aggravates a crime or makes the crime greater than it was when committed, (3) increases the punishment for an act after the act was committed, and (4) changes the rules of evidence to receive less or different testimony than required at the time the act was committed in order to convict the offender. *Collins v. Youngblood*, 497 U.S. 37, 42, 110 S. Ct. 2715, 111 L. Ed. 2d 30 (1990); *see also State v. Ward*, 123 Wn.2d 488, 496, 869 P.2d 1062 (1994). Here, we address whether POAA aggravates a crime or increases the punishment for a prior committed act.

Angehrn cites two federal and one Washington case to support the argument that POAA retroactively increases the punishment for the previously committed first two strikes.[4] Each of the cases relied upon by Angehrn are distinguishable from the current situation because the challenged law in those cases came into force after the defendant acted, while POAA was enacted prior to any of Angehrn's current offenses. POAA's mandatory sentence of life without parole is triggered only upon the conviction of the third "most serious offense." *See* RCW 9.94A.030(23), (27), .120(4). The Act does not retroactively increase the penalty for prior offenses. *See In re Personal Restraint of Williams*, 111 Wn.2d 353, 759 P.2d 436 (1988).

Angehrn argues that the Act increased the punishment associated with his first and second strike crimes because the previous convictions were used to classify him as a persistent offender. However, the policy of prohibiting the ex post facto application of legislation is not to prevent future changes in punishment levels. Rather, the policy is to ensure "fair notice and governmental restraint when the Legislature increases punishment beyond what was pre-

---

[4]*Miller v. Florida*, 482 U.S. 423, 435-36, 107 S. Ct. 2446, 96 L. Ed. 2d 351 (1987); *Weaver v. Graham*, 450 U.S. 24, 101 S. Ct. 960, 67 L. Ed. 2d 17 (1981); *State v. Gurrola*, 69 Wn. App. 152, 158-59, 848 P.2d 199, *review denied*, 121 Wn.2d 1032 (1993).

scribed when the crime was consummated." *Miller v. Florida*, 482 U.S. 423, 430, 107 S. Ct. 2446, 2451, 96 L. Ed. 2d 351 (1987) (quoting *Weaver v. Graham*, 450 U.S. 24, 30, 101 S. Ct. 960, 965, 67 L. Ed. 2d 17 (1981)). In this case, POAA was passed in November 1993, well before Angehrn committed the robberies that constituted his third most serious offense. As previously stated, POAA's increased punishment is triggered only upon the third conviction of a most serious offense. *See* RCW 9.94A.030(23), (27). As a result, Angehrn had fair notice that he would be sentenced to life without the possibility of parole if convicted of a third most serious offense.

We find that POAA does not constitute ex post facto punishment when applied to cases where the act constituting the third strike occurs after POAA's enactment.

We affirm on all issues.

The remainder of this opinion has no precedential value. Therefore, it will be filed for public record in accordance with the rules governing unpublished opinions.

BAKER, C.J., and COX, J., concur.

Review denied at 136 Wn.2d 1017 (1998).