42 P.3d 436 (2002)
110 Wash.App. 554
STATE of Washington, Respondent,
v.
John Christopher PERRY, Appellant.
No. 19076-5-III.
Court of Appeals of Washington, Division 3, Panel Three.
March 14, 2002.
*437 Janet G. Gemberling, Spokane, for Appellant.
Kevin M. Korsmo, Deputy Pros. Atty., Spokane, for Respondent.
SWEENEY, J.
In 1997, the Legislature amended the Sentencing Reform Act of 1981(SRA) to eliminate the exclusion of juvenile convictions committed after the age of 15 from a current offender score once the defendant reaches the age of 23.[1] When the amendment was passed, John C. Perry was only 21. We reject his claim of a vested entitlement to the pre-amendment "washout," because the provision was eliminated before he turned 23. We agree, however, that pursuant to a different SRA provision his five prior juvenile convictions for which he was sentenced on the same day in 1992 should count as one conviction. We therefore remand for resentencing with instructions to treat the five convictions sentenced on one day in 1992 as a single conviction for sentencing purposes on the current charge.

FACTS
John C. Perry was born in November 1975. In 1992, at age 16, he had five juvenile convictions. He was sentenced for four forgeries and a second degree burglary on the same date, September 1, 1992. Then, in 1993, he was adjudicated and sentenced separately for two other juvenile offenses.
*438 Under pertinent SRA provisions at that time, prior juvenile convictions sentenced on the same date were counted as a single offense in calculating the offender score for a subsequent offense. Former RCW 9.94A.360(6)(b) (1992). The record does not show how those five juvenile offenses were calculated in scoring the two later juvenile sentences.
In 1996, when he was 20 years old, Mr. Perry was sentenced as an adult for three felonies, two of which were the same criminal conduct. The court counted the juvenile convictions as three prior offenses, but scored them for a total of two points.[2]
In 1997, the Legislature amended the SRA to eliminate the "washout" of prior juvenile convictions for defendants over age 23 when the current offense was committed. In 1998, Mr. Perry turned 23.
On November 23, 1999, Mr. Perry pleaded guilty to his current offense of one count of third degree assault. The sentencing court applied the 1997 amendment and calculated his offender score as 5. This breaks down to seven juvenile convictions at ½ point each for 3½ points, plus 2 points for the three 1996 adult convictions, two of which were same criminal conduct, for a total of 5½ points, rounding down to 5.
Mr. Perry appeals this offender score calculation. He relies on recent Washington decisions which hold that once a prior juvenile conviction has been treated as washed out under the old rules, it cannot be "resuscitated" by retroactive application of the 1997 amendment. State v. Cruz, 139 Wash.2d 186, 985 P.2d 384 (1999).
First, he argues that all of his juvenile convictions washed out at age 23. He argues this even though he turned 23 after the 1997 amendment eliminated this feature of the scoring rules. Second, he contends that the four forgeries and second degree burglary for which he was sentenced on the same day in 1992 were permanently fixed as a single prior conviction by operation of law when they were treated as such in the offender score at his 1996 sentencing. If Mr. Perry is correct, his score is only 2 if the 23 year old washout applies, or 3 if the five convictions sentenced on the same day count as one conviction.

1997 LEGISLATIVE AMENDMENT TO SRA
In 1997, the Legislature amended former RCW 9.94A.030(12)(b) (1996) to include all prior juvenile convictions in a defendant's criminal history, regardless of the offender's age either at the time of the juvenile offense or when he committed the current offense. Laws of 1997, ch. 338, § 2; State v. Smith, 144 Wash.2d 665, 671, 30 P.3d 1245, 39 P.3d 294 (2001).
STATE V. CRUZ
State v. Cruz interpreted a similar 1990 SRA amendment. Cruz held that SRA amendments would not be retroactive absent an unequivocal expression of contrary legislative intent. Cruz, 139 Wash.2d at 191, 985 P.2d 384. That is to say, once a person had been sentenced based on an offender score from which the juvenile prior convictions had been washed out, the washout would survive subsequent amendments to the SRA.
The defendant in Cruz committed a sex offense in 1975. Mr. Cruz was paroled in 1977. Under the rules at that time, his conviction washed out in 1987, after 10 crime-free years in the community. In 1989, when convicted again, Mr. Cruz was therefore sentenced as a first offender. In 1990, the Legislature changed the rules to exclude sex offenses from washout provisions. In 1994, Mr. Cruz was sentenced pursuant to the 1990 amendment, and his 1975 sex offense was "resurrected." Mr. Cruz received life without parole as a persistent offender. Id. at 188, 985 P.2d 384. The Supreme Court reversed. It held that the 1990 amendment *439 was not retroactive, because the Legislature did not unequivocally express the intent that it should be retroactive. And, once a conviction washes out under the old rules, it stays washed out. Id. at 193, 985 P.2d 384.
2000 AMENDMENT
After Cruz was decided, the Legislature responded. The Legislature made clear that the version of the SRA current on the date of the current offense should govern sentencing. All juvenile convictions were to be included in the offender score, regardless of the defendant's age at the time either of the juvenile offense or of the current offense. RCW 9.94A.345; Laws of 2000, ch. 26, §§ 1, 2.
STATE V. HENDRICKS
In State v. Hendricks, Division Two of this court held that the Legislature had successfully quashed Cruz. State v. Hendricks, 103 Wash.App. 728, 14 P.3d 811 (2000), rev'd, Smith, 144 Wash.2d 665, 30 P.3d 1245. Hendricks affirmed a sentence that applied the 1997 amendment retroactively and included previously washed out juvenile convictions. Division Two adopted the intent the Legislature expressed after Cruz, and held that offender scores were to be calculated under the version of the SRA in effect on the date of the current offense.
STATE V. SMITH
In State v. Smith, the Supreme Court reversed Hendricks. The court reiterated the holding of Cruz and extended Cruz to the 1997 amendment under consideration here. Smith, 144 Wash.2d at 672-73, 30 P.3d 1245.
Mr. Perry is correct that Smith reaffirms the holding of Cruz and makes clear that the 1997 SRA amendment is not retroactive. The 1997 amendment cannot be applied retroactively to revive previously washed out juvenile convictions and calculate them into the post-amendment offender score. Smith, 144 Wash.2d 665, 30 P.3d 1245. But Cruz and Smith do not help Mr. Perry. These cases involve defendants whose juvenile convictions washed out before the 1997 amendment eliminated such washouts. The defendant in Cruz had already performed the prerequisite conditions and was entitled to the washout before the effective date of the amendment. Likewise, all the defendants in the consolidated cases of Smith were entitled to the washout either because their offenses predated their 15th birthday or because they turned 23 before the 1997 amendment. But Mr. Perry was never sentenced as a 23 year old. Mr. Perry's convictions would not have washed out before the amendment.
VESTING
Mr. Perry asks us to extend Smith. He wants us to hold that the 1997 SRA amendment violates due process and deprives him of a vested right by defeating his reasonable expectations. State v. Shultz, 138 Wash.2d 638, 646, 980 P.2d 1265 (1999). Mr. Perry asserts that, as a juvenile, he reasonably expected that the legal consequences of his juvenile convictions would not extend beyond his 23rd birthday. He thus vested at the moment of sentencing in the right to have these convictions wash out for scoring purposes when he attained age 23, regardless of future changes in the law.
But Mr. Perry was only 21 years old when the 1997 amendment went into effect. So, unlike the Smith defendants, there was never a time when Mr. Perry could have been sentenced for an adult felony without his prior juvenile convictions counting. He could not therefore "vest" in any right to be scored under the old rules, even if we were to accept his vesting argument. Mr. Perry cites to no authority supporting his claim that the Legislature cannot change the scoring rules with respect to existing prior convictions. Nothing in Smith or Cruz suggests that the court intended to repudiate the long line of Washington cases holding that defendants have no vested right in the "mere expectation" that the law will remain unchanged from one conviction to the next. In re Pers. Restraint of Williams, 111 Wash.2d 353, 363, 759 P.2d 436 (1988).
To warrant protection under the due process clause, a vested right must be more than a "`mere expectation based upon an anticipated continuance of the existing law.'" State v. Hennings, 129 Wash.2d 512, *440 528, 919 P.2d 580 (1996) (quoting Caritas Servs., Inc. v. Dep't of Soc. & Health Servs., 123 Wash.2d 391, 414, 869 P.2d 28 (1994)) (emphasis omitted). It must be "`a title, legal or equitable, to the present or future enjoyment of property, a demand, or a legal exemption from a demand by another.'" Id. (quoting Caritas Servs., 123 Wash.2d at 414, 869 P.2d 28) (emphasis omitted).
Unlike the Smith defendants, Mr. Perry had no expectation at the time the 1997 amendment passed that his prior juvenile convictions had washed out of his criminal record.

JUVENILE OFFENSES SENTENCED ON THE SAME DATE
Mr. Perry next argues that Cruz and Smith preclude the court from applying the 1997 amendment to revive four of the five juvenile convictions that were treated as a single conviction at his sentencing in 1996. Those convictions must be treated as one in calculating his current offender score.
We agree with Mr. Perry that Cruz and Smith require that once those five juvenile convictions were treated as a single conviction for offender score purposes, they cannot be treated as separate convictions now. These five juvenile convictions are directly analogous to juvenile offenses committed before the age of 15, which under the old rules washed out for the purposes of criminal history. According to Smith, if the precipitating event for a washout occurred before 1997, the washed out convictions may not be calculated into the score. Smith, 144 Wash.2d at 674-75, 30 P.3d 1245.
We remand for resentencing, treating the five convictions sentenced on the same day in 1992 as a single conviction.
WE CONCUR: KURTZ, C.J., and KATO, J.
NOTES
[1] Former RCW 9.94A.030(12)(b) (1996) referred to as the "washout" provision.
[2] This score appears to be incorrect. Under the 1996 SRA, criminal history included prior juvenile felonies committed after age 15, if the defendant was under age 23 at the time of the current offense. Former RCW 9.94A.030(12)(b) (1996). All of Mr. Perry's juvenile prior convictions were after age 15, and he was under 23 when the 1996 current offenses were committed. Therefore, counting the five same-day-sentenced counts as one conviction, and each of the two other juvenile convictions as one each, and scoring each conviction as ½ point, his offender score in 1996 should have been three convictions at ½ point each for a total of 1½, rounded down to 1.