618

[No. 45358-1-I.   Division One.   May 20, 2002.]

THE STATE OF WASHINGTON, *Respondent*, v. DONALD BRIAN
WEBB, *Appellant*.

*Donald B. Webb*, pro se.

*Sharon J. Blackford* (of *Washington Appellate Project*), for appellant.

*Norm Maleng, Prosecuting Attorney*, and *James M. Whisman* and *Deborah A. Dwyer, Deputies*, for respondent.

PER CURIAM — In a motion to modify his sentence for first degree robbery, Donald Webb argued that his prior convictions should have been scored under the scoring statute in effect when he committed those prior convictions. The court denied the motion to modify, concluding that the amended statute in effect at the time of Webb's current offense applied. Webb appeals, arguing that the superior court retroactively applied the amended statute in violation of the due process and ex post facto clauses. In a pro se brief, he contends the court erred in concluding that his 1995 convictions were not the same criminal conduct. We affirm.

## FACTS

Webb committed six offenses in March, 1995. At that time, courts had discretion to count prior convictions as one offense, regardless of whether they were the same criminal conduct. Former RCW 9.94A.360(6)(a) (1995). The Legislature subsequently eliminated that discretion, however, providing that only prior convictions found to be the same criminal conduct could be counted as one offense.[1]

In 1998, Webb pleaded guilty to first degree robbery. The court counted his six 1995 convictions separately and sentenced him based on an offender score of nine. In 1999, Webb moved to modify his sentence, arguing that the court had discretion under the former version of the statute to score his 1995 convictions as one offense, even if they were not the same criminal conduct. The court disagreed and, applying the current version of the statute, concluded that the 1995 convictions must be counted separately because they were not the same criminal conduct.[2]

## DECISION

### I

■■■■ Webb contends the superior court erred in concluding that the scoring statute in effect when he committed his current offense governs his offender score calculation. The State responds that any error was invited and that, in any event, the court properly applied the law. Assuming without deciding that the invited error doctrine does not bar review, we conclude the superior court did not err in applying the statute in effect at the time of Webb's current offense.

The general rule is that "the law in effect at the time a criminal offense is actually committed . . . controls disposi-

---

[1] LAWS OF 1995, ch. 316, § 1.

[2] Webb's appeal was stayed pending *State v. Smith*, 144 Wn.2d 665, 30 P.3d 1245, 39 P.3d 294 (2001). The stay has been lifted.

tion of the case."[3] Citing *State v. Smith*,[4] *State v. Cruz*,[5] and *State v. T.K.*,[6] Webb argues that applying the amended scoring statute to his prior convictions amounts to retroactive application of the statute in violation of due process. The cases cited by Webb are distinguishable.

In *Smith* and *Cruz*, the Supreme Court considered whether amendments eliminating "wash out" provisions for prior convictions could be applied to offenders whose prior convictions had washed out under former statutes. The court held that convictions that had washed out could not be revived by subsequent amendments absent an express legislative directive for retroactive operation of the amendments. Because no such directive appeared in the amendments at issue in *Smith* and *Cruz*, the amendments did not revive the washed-out convictions.

In *T.K.*, the defendants had become eligible to seal their juvenile court records under a statute allowing sealing after two crime-free years in the community. The defendants did not move to seal their records, however, until after an amendment making them ineligible became effective.[7] In concluding that the amendments did not apply to the defendants, the *T.K.* court noted that the defendants had satisfied the conditions for sealing under the former statute and that the statute imposed a mandatory obligation to seal once those conditions were satisfied.[8] The amendments could not be applied retroactively because to do so would adversely affect the defendants' vested rights under the former statute.[9]

Unlike the statutes at issue in *Smith*, *Cruz*, and *T.K.*, the former scoring statute at issue in this case contains no

---

[3] *State v. Schmidt*, 143 Wn.2d 658, 673-74, 23 P.3d 462 (2001).

[4] 144 Wn.2d 665, 30 P.3d 1245, 39 P.3d 294 (2001).

[5] 139 Wn.2d 186, 985 P.2d 384 (1999).

[6] 139 Wn.2d 320, 987 P.2d 63 (1999).

[7] *T.K.*, 139 Wn.2d at 323-26.

[8] *T.K.*, 139 Wn.2d at 331-32.

[9] *T.K.*, 139 Wn.2d at 334.

express conditions which, when satisfied, give rise to specific statutory rights.[10] Although Webb argues that his rights under the former statute vested "when he was sentenced on those prior offenses,"[11] he fails to explain how that event creates a vested right to application of the former statute in this case. We find no basis for Webb's argument in the former statute or applicable case law. In fact, this court recently rejected an analogous argument in *State v. Sell.*[12]

In *Sell*, defendants who had previous deferred prosecutions for driving under the influence (DUI) petitioned for another deferred prosecution. The superior court denied the petitions based on a 1999 amendment allowing only one DUI deferred prosecution per lifetime. Citing an earlier statute that allowed one deferred prosecution every five years, the defendants argued that they had earned eligibility for a second deferred prosecution under the former statute because more than five years had passed since their last deferred prosecutions. Like Webb, they contended that applying the amended statute to their petitions was contrary to *Cruz* and *T.K.*, and violated due process.[13] We distinguished *Cruz* and *T.K.*, noting that the defendants' prior deferred prosecutions had not "washed out" like the prior conviction in *Cruz*, and that, unlike the former statute in *T.K.*, the former deferred prosecution statute was not "self executing" because it did not "contain a mandatory obligation to grant a deferred prosecution five years after

---

[10] Former RCW 9.94A.360(6)(a) (1995) provided in part:

Prior adult offenses which were found, under RCW 9.94A.400(1)(a), to encompass the same criminal conduct, shall be counted as one offense, the offense that yields the highest offender score. The current sentencing court shall determine with respect to other prior adult offenses for which sentences were served concurrently whether those offenses shall be counted as one offense or as separate offenses.

[11] Appellant's Br. at 6.

[12] 110 Wn. App. 741, 43 P.3d 1246 (2002).

[13] *Id.* at 746-47.

the last grant."[14] The reasoning in *Sell* applies equally here and defeats Webb's due process claim.[15]

*Sell* also defeats Webb's contention that applying the 1995 amendment to his 1998 conviction violates the ex post facto clause. *Sell* rejected essentially the same argument in an analogous statutory setting. Like the amendment in *Sell*, the amendment in this case applies prospectively to Webb's current offense and does not alter the standard of punishment for any preamendment offense. Accordingly, for the reasons we gave in *Sell*, the amendment applied in this case does not violate the prohibition against ex post facto laws.[16]

## II

■■ In his pro se supplemental brief Webb contends the court erred in concluding that his prior convictions were not the same criminal conduct. Under RCW 9.94A.400(1) convictions are the "same criminal conduct" if they "require the same criminal intent, are committed at the same time and place, and involve the same victim." A "same criminal conduct" finding is precluded if any of these elements are absent.[17] A trial court's "same criminal conduct" determination is reviewed for a clear abuse of discretion or misapplication of the law.[18] We find neither here.

On March 12, 1995, Webb committed two offenses: second degree robbery, and taking a motor vehicle without permis-

---

[14] *Id.* at 747.

[15] *See also State v. Perry*, 110 Wn. App. 554, 559-60, 42 P.3d 436 (2002) (court concluding that absent a "vested" right under a former statute, nothing prevents the Legislature from changing the scoring rules for existing prior convictions).

[16] *See also State v. Angehrn*, 90 Wn. App. 339, 342-44, 952 P.2d 195 (1998) (ex post facto clause not violated where third "strike" committed after passage of the Persistent Offender Accountability Act); *Schmidt*, 143 Wn.2d 658 (amendments prohibiting possession of firearms by convicted felons not ex post facto); *In re Pers. Restraint of Williams*, 111 Wn.2d 353, 759 P.2d 436 (1988) (no ex post facto violation when offenses committed before enactment of the Sentencing Reform Act of 1981 were used to calculate the offender score for subsequent crimes).

[17] *State v. Porter*, 133 Wn.2d 177, 181, 942 P.2d 974 (1997).

[18] *State v. Burns*, 114 Wn.2d 314, 317, 788 P.2d 531 (1990).

sion (TMV). The victim of the robbery was a Ramada Inn employee. The victim of the TMV offense was the owner of the stolen vehicle. Because the crimes had different victims, they are not the same criminal conduct.

Webb's other prior offenses—two counts of robbery, attempting to elude, and TMV—were committed on March 15, 1995. These crimes also involved different victims. The victims of the robberies were the clerks of the two stores robbed, the victim of the TMV was the owner of the stolen car, and the victims of the eluding were the pursuing troopers and the civilians endangered by Webb's weaving in and out of traffic at high speed. Because they had different victims, these crimes were also not the same criminal conduct.

Affirmed.