[No. 75460-8.   En Banc.]
Argued March 24, 2005.      Decided July 14, 2005.

THE STATE OF WASHINGTON, *Respondent*, v. NICHOLAS ALAN SWECKER, *Petitioner*.

*David N. Gasch*, for petitioner.

*Steven J. Tucker, Prosecuting Attorney*, and *Kevin M. Korsmo, Deputy*, for respondent.

¶1 FAIRHURST, J. — Nicholas Alan Swecker was convicted of first degree murder and second degree burglary in June 2001. In calculating Swecker's offender score at sentencing, the judge counted separately 11 prior juvenile convictions for which Swecker was sentenced on the same day. Swecker argues that based on former RCW 9.94A.360(6)(a)(ii) (1995), which was in place at the time of his 11 prior juvenile convictions, the 11 convictions should have counted as only one. We hold that under former RCW 9.94A-.360(6)(a)(ii), prior juvenile convictions did not disappear or become vested as one; the statute merely determined how the prior juvenile convictions were counted in subsequent sentencings. The sentencing court correctly

considered the 11 offenses separately in 2001, at which time former RCW 9.94A.360(6)(a)(ii) no longer existed. We affirm the Court of Appeals, but on different grounds.

## I. FACTUAL AND PROCEDURAL HISTORY

¶2 Nicholas Swecker was convicted of second degree burglary in 1992 and of second degree possession of stolen property in 1993; he committed both crimes before he reached age 15.[1] On June 19, 1996 when Swecker was 17 years old, he was sentenced for 11 juvenile convictions.[2] In 1998, Swecker, then 19, was sentenced for an adult conviction. The 1998 sentencing court counted separately each of Swecker's 11 prior juvenile convictions from 1996 in accordance with the 1997 amendments to the Sentencing Reform Act of 1981 (SRA), chapter 9.94A RCW. Finally, in June 2001, Swecker was convicted of first degree murder and second degree burglary. The 2001 sentencing court again considered all of Swecker's prior juvenile convictions separately in calculating his offender score and imposed a high-end standard range sentence of 493 months. In doing so, the sentencing judge considered Swecker's convictions from before he was 15 years old, as well as the 11 juvenile convictions for which Swecker was sentenced on the same day. Swecker appealed.

¶3 While his appeal was pending, Swecker moved the superior court to amend his sentence based on errors in the calculation of his offender score. Swecker argued that under the 1996 version of the SRA, his 11 prior juvenile convictions for which he was sentenced on the same day should have counted as only one offense in his offender score. Swecker also challenged the court's consideration of the two convictions from before he was 15 years old. The court amended Swecker's sentence based on a lesser offender

---

[1] Swecker was born on September 13, 1978. Clerk's Papers at 3.

[2] Those convictions are listed in the Court of Appeals opinion. *See State v. Swecker*, noted at 121 Wn. App. 1001, 2004 WL 729196, at *1 n.2, 2004 Wash. App. LEXIS 609, at *3 n.2.

score calculated without the two convictions from before Swecker was 15 years old, but still calculated with the 11 juvenile convictions for which he was sentenced on the same day counted separately in his offender score. Swecker's amended sentence was 450 months.

¶4 In an unpublished opinion, the Court of Appeals affirmed Swecker's convictions. Swecker then appealed the amended judgment and sentence, arguing that the court had miscalculated his offender score. In another unpublished opinion, the Court of Appeals affirmed the superior court's offender score calculation in which the judge counted separately Swecker's 11 prior juvenile convictions. *State v. Swecker*, noted at 121 Wn. App. 1001, 2004 WL 729196, at *5, 2004 Wash. App. LEXIS 609, at *13. Swecker then petitioned this court for review, which we granted. *State v. Swecker*, 152 Wn.2d 1029, 103 P.3d 202 (2004).

## II. ISSUE

¶5 Did the 2001 sentencing court err in counting separately Swecker's 11 prior juvenile convictions for which he was sentenced on the same day in 1996?

## III. ANALYSIS

¶6 The statutory provision governing calculation of offender scores when Swecker was sentenced for the 11 juvenile convictions on June 19, 1996 stated:

(6)(a) In the case of multiple prior convictions, for the purpose of computing the offender score, count all convictions separately, except:

. . . .

(ii) Juvenile prior convictions *entered or sentenced on the same date shall count as one offense*, the offense that yields the highest offender score, except for juvenile prior convictions for violent offenses with separate victims, which shall count as separate offenses.

Former RCW 9.94A.360(6)(a)(ii) (emphasis added). On July 1, 1997, the legislature enacted Laws of 1997, chapter 338, section 5, which deleted subsection (ii) of former RCW 9.94A.360(6)(a) (1995).[3]

¶7 The Court of Appeals held that based on our case law, the 1997 amendment could not apply retroactively but concluded that no precipitating event occurred to trigger the 1996 version of the statute because there was no intervening conviction when Swecker's multiple prior juvenile offenses were counted as one before the change in the law. *Swecker*, 2004 WL 729196, at *4-5, 2004 Wash. App. LEXIS 609, at *11-13. In so concluding, the court applied and distinguished *State v. Perry*, 110 Wn. App. 554, 560-61, 42 P.3d 436 (2002). *See id.*

¶8 *Perry* addressed the effect of former RCW 9.94A-.360(6)(a)(ii) on sentences imposed after the provisions' deletion in 1997. In *Perry,* an offender argued that several prior juvenile offenses for which he was sentenced on the same day in 1992, and which were considered as one offense for offender score calculation at a subsequent conviction in 1996, had thereby been permanently fixed as a single prior conviction and, thus, had essentially "washed out." *Perry*, 110 Wn. App. at 557. The Court of Appeals held that this court's jurisprudence required that once the prior juvenile convictions were "*treated* as a single conviction for offender score purposes, they cannot be treated as separate convictions" even after the deletion of former RCW 9.94A-.360(6)(a)(ii). *Id.* at 560-61 (emphasis added). The court reasoned that the previous juvenile convictions were "directly analogous to juvenile offenses committed before

---

[3] This amendment also deleted provisions commonly referred to as the "wash out" provisions—former RCW 9.94A.030(12)(b) (1996), which excepted offenses (besides sex offenses and serious violent offenses) committed before age 15 or juvenile convictions (for offenses other than sex offenses and serious violent offenses) once the offender turned 23 from the definition of criminal history and former RCW 9.94A.360(4) (1995), which directed sentencing courts calculating offender scores not to consider convictions (other than convictions for sex offenses or other serious violent offenses) before the offender was 15 years old or other juvenile convictions if the offender had turned 23 years old. Laws of 1997, ch. 338, §§ 2, 5.

the age of 15, which under the old rules washed out for the purposes of criminal history." *Id.* at 561. And, because the precipitating event—the subsequent conviction calculating the offenses as one—occurred before the change in the law, the prior juvenile offenses could be considered as only one absent retroactive application of the 1997 amendment. *See id.* Thus, the Court of Appeals here applied *Perry* to conclude that because Swecker had no intervening conviction where his 11 prior convictions were counted as one for calculating his offender score before the 1997 change in the law, the 1996 version of the statute was never triggered and Swecker had no vested right to rely on it. *Swecker*, 2004 WL 729196, at *5, 2004 Wash. App. LEXIS 609, at *13.

¶9 Contrary to the Court of Appeals' conclusion, Swecker argues that his turning 18 years old on September 13, 1996, before the 1997 change in the law, was a precipitating event which triggered the 1996 version of the statute and that gave him a right to rely upon it. He argues at that time he *could have* been sentenced as an adult and had his prior juvenile offenses counted as one. The State argues that former RCW 9.94A.360(6)(a)(ii) is distinct from the wash out provisions: "[W]hat was at issue in [the wash out cases] was whether or not the prior offenses count. What is at issue here is *how* the prior offenses count. That is a critical difference for the resolution of this case." Resp't's Suppl. Br. at 5. We review questions of law such as statutory interpretation de novo. *In re Pers. Restraint of LaChapelle*, 153 Wn.2d 1, 5, 100 P.3d 805 (2004).

¶10 The State is correct—former RCW 94.94A.360(6)-(a)(ii) is not analogous to the wash out provisions. According to our case law interpreting wash outs, convictions for offenses committed before age 15 never counted and were not part of one's criminal history, juvenile convictions disappeared once an offender turned 23 and were no longer part of his or her criminal history, and convictions for class B felonies essentially disappeared from one's criminal history once an offender had spent 10 years

in the community without being reconvicted of a felony.[4] *See LaChapelle*, 153 Wn.2d at 4-5; *State v. Smith*, 144 Wn.2d 665, 669-71, 30 P.3d 1245, 39 P.3d 294 (2001); *State v. Cruz*, 139 Wn.2d 186, 189, 193, 985 P.2d 384 (1999). Those cases specifically discussed the definition of criminal history and whether certain convictions were included therein. *See also State v. Varga*, 151 Wn.2d 179, 192-93, 86 P.3d 139 (2004) (discussing our opinions in *Cruz* and *Smith*). Furthermore, former RCW 9.94A.030(12)(b) (1996), which defines criminal history, provided that juvenile convictions for offenses committed before the offender was 15 years old and prior juvenile convictions once the offender turned 23 years old were no longer part of the statutory definition of one's criminal history.[5]

¶11 The same was not true for multiple juvenile convictions sentenced on the same day. Unlike convictions that washed out, prior juvenile convictions sentenced on the same day never disappeared, but still were part of one's criminal history. Former RCW 9.94A.030(12)(b) made no exception from the definition of criminal history for prior juvenile convictions sentenced on the same day. Instead of determining *whether they existed*, former RCW

---

[4] Former RCW 9.94A.360(2) (1989), also referred to as a wash out provision, provided that class B prior felony convictions were not to be included in one's offender score if since release from confinement that offender had spent 10 years in the community without a subsequent felony conviction. Laws of 1990, chapter 3, section 706 amended that provision so that prior sex felony convictions would always be included in one's offender score.

[5] Former RCW 9.94A.030:

(12)(a) "Criminal history" means the list of a defendant's prior convictions, whether in this state, in federal court, or elsewhere. The history shall include, where known, for each conviction (i) whether the defendant has been placed on probation and the length and terms thereof; and (ii) whether the defendant has been incarcerated and the length of incarceration.

(b) "Criminal history" shall always include juvenile convictions for sex offenses and serious violent offenses and shall also include a defendant's other prior convictions in juvenile court if: (i) The conviction was for an offense which is a felony or a serious traffic offense and is criminal history as defined in RCW 13.40.020(9); (ii) the defendant was fifteen years of age or older at the time the offense was committed; and (iii) with respect to prior juvenile class B and C felonies or serious traffic offenses, the defendant was less than twenty-three years of age at the time the offense for which he or she is being sentenced was committed.

9.94A.360(6)(a)(ii) determined how prior juvenile convictions sentenced on the same day were *counted* in future sentencings.

¶12 The Court of Appeals in *Perry* was incorrect to treat former RCW 9.94A.360(6)(a)(ii) as equivalent to the wash out provisions, and the Court of Appeals was incorrect to apply that reasoning here. We reject application of *Perry*'s reasoning in future cases where this very limited issue arises.

¶13 Therefore, we do not determine what was the proper precipitating event for application of former RCW 9.94A-.360(6)(a)(ii)—it was applicable only at the time of offender score calculation in a future sentencing. Because the provision no longer existed at the time of Swecker's 2001 sentencing at issue here, it could not apply, and the sentencing court was correct to consider Swecker's previous juvenile convictions separately for purposes of calculating his offender score.

## IV. CONCLUSION

¶14 Even under the 1996 version of the SRA, multiple juvenile convictions sentenced on the same day did not disappear or wash out—former RCW 9.94A.360(6)(a)(ii) applied only to calculation of an individual's offender score at a given sentencing. Because prior juvenile convictions never disappeared under former RCW 9.94A.360(6)(a)(ii), the court's separate consideration of Swecker's 11 prior juvenile convictions in 2001, after the change in the law, was not a retroactive application of the 1997 amendment. Thus, we affirm the result reached by the Court of Appeals, but do so based on different grounds.

ALEXANDER, C.J., and C. JOHNSON, MADSEN, SANDERS, BRIDGE, CHAMBERS, OWENS, and J.M. JOHNSON, JJ., concur.