# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| In the Matter of the Personal Restraint Petition of<br><br>BRETT CHARLES EVERETTE | No.  49883-9-II<br><br><br>UNPUBLISHED OPINION |

LEE, J. — Brett C. Everette seeks relief from personal restraint imposed following his convictions of attempted first degree kidnapping, first degree unlawful possession of a firearm, and felony harassment.[1]  He argues that (1) the to-convict instruction for attempted first degree kidnapping omitted essential elements of the offense, (2) the deadly weapon special verdict instructions for attempted first degree kidnapping and felony harassment improperly allowed the jury to find that he was armed with a firearm based on accomplice liability, (3) the State failed to present sufficient evidence in support of the firearm special verdicts, (4) his due process rights were violated by the jury's inconsistent verdicts, (5) his convictions for attempted first degree kidnapping and felony harassment violate the constitutional prohibition against double jeopardy, (6) his trial counsel was ineffective for having an actual conflict of interest, failing to pursue certain

---

[1] Everette's request for the appointment of counsel at public expense is denied.  RAP 16.15(h).

telephone records, and failing to raise certain objections, and (7) his appellate counsel was ineffective for failing to raise the above claims on direct appeal. We deny Everette's petition.

FACTS

The facts underlying Everette's convictions were set forth in our unpublished opinion resolving his direct appeal and need not be repeated here. *See State v. Everette*, noted at 189 Wn. App. 1030 (2015), *review denied*, 184 Wn.2d 1038 (2016). The trial court provided the jury with a "to convict" instruction for attempted first degree kidnapping that provided in relevant part,

> To convict the Defendant of the crime of Attempted Kidnap[p]ing in the First Degree, each of the following elements of the crime must be proved beyond a reasonable doubt: One, that on or about the 12th day of August, 2013, the Defendant did an act which was a substantial step toward the commission of Kidnap[p]ing in the First Degree; two, that the act was done with the intent to commit Kidnap[p]ing in the First Degree; and, three, that the acts occurred in the County of Cowlitz, State of Washington.

Report of Proceedings (Dec. 20, 2013) at 31.[2] The trial court also provided the jury with special verdict forms asking whether Everette or an accomplice was armed with a firearm during the commission of attempted first degree kidnapping and felony harassment.

The jury returned verdicts finding Everette guilty of attempted first degree kidnapping, first degree unlawful possession of a firearm, and felony harassment. The jury also returned special verdicts answering "no" to the question of whether Everette was armed with a firearm during the commission of attempted first degree kidnapping and felony harassment but answering "yes" to the question of whether an accomplice was armed with a firearm during the commission of those

---

[2] To properly resolve the issues raised in this petition, on our own initiative, we transfer the electronic record from Everette's direct appeal, *State v. Everette*, No. 45941-8-II (Wash. Ct. App.), to this petition.

crimes. After we affirmed Everette's convictions following his direct appeal, he timely filed this petition.[3]

## ANALYSIS

To obtain relief through a personal restraint petition, Everette must show either constitutional error that resulted in actual and substantial prejudice or nonconstitutional error that resulted in a complete miscarriage of justice. *In re Pers. Restraint of Cook*, 114 Wn.2d 802, 810-13, 792 P.2d 506 (1990). Additionally, Everette must support his claims of error with a statement of facts on which his claim of unlawful restraint is based and the evidence available to support his factual allegations; he cannot rely solely on conclusory allegations. RAP 16.7(a)(2); *In re Pers. Restraint of Williams*, 111 Wn.2d 353, 365, 759 P.2d 436 (1988); *see also Cook*, 114 Wn.2d at 813-14.

### I. TO-CONVICT INSTRUCTION

Everette first argues that the trial court's to-convict instruction for attempted first degree kidnapping relieved the State of its burden of proof by omitting essential elements of the offense. Specifically, Everette argues that the attempted first degree kidnapping to-convict instruction was deficient for failing to include the victim's name and the essential elements of a completed first degree kidnapping. We disagree.

We review a challenged jury instruction de novo. *State v. Pirtle*, 127 Wn.2d 628, 656, 904 P.2d 245 (1995). "A to-convict instruction must contain all essential elements of a crime because it serves as a yardstick by which the jury measures the evidence to determine the defendant's guilt

---

[3] Everette filed his petition with our Supreme Court on January 12, 2017, within one year of the March 1, 2016 mandate disposing of his direct appeal. RCW 10.73.090(1). Our Supreme Court transferred Everette's petition to this court pursuant to RAP 16.5.

or innocence." *State v. Richie*, 191 Wn. App. 916, 927, 365 P.3d 770 (2015). "The essential elements of the crime are those that the prosecution must prove to sustain a conviction." *Richie*, 191 Wn. App. at 921.

Our Supreme Court has repeatedly recognized that an attempted crime consists of two essential elements: (1) intent and (2) a substantial step. *State v. Aumick*, 126 Wn.2d 422, 429, 894 P.2d 1325 (1995). Here, the trial court's attempted first degree kidnapping to-convict instruction properly set forth these essential elements, and it was not required to include the name of the victim or the elements of the crime for a completed first degree kidnapping in the to-convict instruction for attempted first degree kidnapping. Accordingly, Everette fails to demonstrate error on this basis.

## II. DEADLY WEAPON SPECIAL VERDICT INSTRUCTIONS

Next, Everette argues that the trial court's instructions were deficient because it permitted the jury to find that he was armed with a deadly weapon during the commission of attempted first degree kidnapping and felony harassment for the purpose of the deadly weapon sentencing enhancement. Specifically, Everette argues that the firearm sentencing enhancement statute does not apply when only an accomplice is armed with a firearm during the commission of the crime. He further argues in the alternative that he could not be found to be armed under an accomplice liability theory because the State had charged him as only a principal.

With regard to Everette's first argument, by its plain language, the deadly weapon sentencing enhancement statute applies when the trier of fact determines an accomplice was armed with a deadly weapon during the commission of a crime. RCW 9.94A.825 provides in relevant part that "the jury shall, if it find[s] the defendant guilty, also find a special verdict as to whether

or not the defendant *or an accomplice* was armed at the time of the commission of the crime." (First alteration in original, emphasis added.) Because the deadly weapon sentencing enhancement statute plainly applies in the accomplice liability context, Everette cannot demonstrate error on this basis.

Regarding Everette's alternative argument, our Supreme Court has held that there is no constitutional requirement to charge a criminal defendant as an accomplice in order to convict the defendant as an accomplice, so long as the jury is properly instructed on accomplice liability. *State v. Davenport*, 100 Wn.2d 757, 764-65, 675 P.2d 1213 (1984). Here, the trial court provided the jury with proper accomplice liability instructions. Accordingly, Everette's alternative argument fails.

### III. Sufficiency of Evidence Supporting Deadly Weapon Enhancements

Next, Everette argues that the State failed to present sufficient evidence in support of his deadly weapon special verdicts. But this argument rests on the faulty premise that the jury could not find he was armed with a deadly weapon based on accomplice liability. Having rejected that premise above, Everette's sufficiency claim fails.

### IV. Inconsistent Verdicts

Next, Everette argues that his conviction for first degree unlawful possession of a firearm must be vacated because it is inconsistent with the jury's special verdict answering "no" to the question of whether he was armed with a deadly weapon as a principal when committing attempted first degree kidnapping and felony harassment. Even assuming without deciding that the jury's verdicts were inconsistent, that is not a valid basis upon which to reverse his conviction. *State v. Ng*, 110 Wn.2d 32, 45, 750 P.2d 632 (1988) ("a criminal defendant convicted by a jury on one

count of a criminal accusation cannot attack that conviction [on the ground that] it is inconsistent with the jury's verdict of acquittal on another count") (citing *Dunn v. United States*, 284 U.S. 390, 52 S. Ct. 189, 76 L. Ed. 356 (1932)). Accordingly, this claim fails.

## V. DOUBLE JEOPARDY

Next, Everette argues that his convictions for attempted first degree kidnapping and felony harassment violate his constitutional right to be free from double jeopardy. We disagree.

A "defendant's double jeopardy rights are violated if he or she is convicted of offenses that are identical both in fact and in law[, but] if each offense, as charged, includes elements not included in the other, the offenses are different and multiple convictions can stand." *State v. Calle*, 125 Wn.2d 769, 777, 888 P.2d 155 (1995) (citations omitted).

Here, Everette's charged crimes for attempted first degree kidnapping and felony harassment each contain an element not present in the other. As charged and instructed here, a conviction for attempted first degree kidnapping required proof beyond a reasonable doubt that Everette took a substantial step toward abducting another, whereas a conviction for felony harassment contains no abduction element. RCW 9A.40.020(1); RCW 9A.28.020; RCW 9A.46.020. Similarly, a conviction for felony harassment required proof beyond a reasonable doubt that Everette placed another in reasonable fear that a threat would be carried out, whereas attempted first degree kidnapping contains no reasonable fear element. RCW 9A.40.020; RCW 9A.28.020; RCW 9A.46.020(1)(b). Because Everette's multiple convictions are not the same in law, he fails to demonstrate any double jeopardy violation.

## VI. INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

Next, Everette raises a number of ineffective assistance of trial counsel claims. To establish ineffective assistance of counsel, Everette must demonstrate that his counsel's performance fell below an objective standard of reasonableness and that as a result of that deficient performance, the result of his case probably would have been different. *State v. Grier*, 171 Wn.2d 17, 33-34, 246 P.3d 1260 (2011). We strongly presume that trial counsel's performance was reasonable. *Grier*, 171 Wn.2d at 42.

A.     *Actual Conflict of Interest*

Everette first argues that his trial counsel was ineffective because counsel had an actual conflict of interest. To prevail on this claim, Everette must show that his defense counsel had an actual conflict of interest adversely affecting counsel's performance. *State v. Dhaliwal*, 150 Wn.2d 559, 573, 79 P.3d 432 (2003).

An actual conflict of interest means "'a conflict *that affected counsel's performance*—as opposed to a mere theoretical division of loyalties.'" *Dhaliwal*, 150 Wn.2d at 570 (quoting *Mickens v. Taylor*, 535 U.S. 162, 171, 122 S. Ct. 1237, 152 L. Ed. 2d 291 (2002)). The mere potential for a conflict of interest affecting counsel's performance is insufficient to warrant reversal of a defendant's conviction. *Dhaliwal*, 150 Wn.2d at 573.

In support of his claim, Everette asserts that the trial court determined counsel had an actual conflict of interest but nonetheless permitted counsel to represent him at sentencing. The record belies Everette's assertion that the trial court had made such a determination. At the close of the sentencing hearing, the trial court addressed Everette's pro se motion for a new trial, which motion alleged that defense counsel provided ineffective assistance at trial. The sentencing court

7

appointed Everette new counsel to represent him with regard to only the pro se motion for a new trial but made no determination that Everette's then current defense counsel had an actual conflict of interest affecting counsel's representation during trial or at sentencing. The trial court ultimately denied the motion for a new trial on the basis that it was not timely filed. Contrary to Everette's assertion, there was no determination that his defense counsel had an actual conflict of interest affecting counsel's representation. And Everette fails to identify any evidence, apart from his own conclusory allegation, that defense counsel had an actual conflict of interest. RAP 16.7(a)(2); *Williams*, 111 Wn.2d at 365; *Cook*, 114 Wn.2d at 813-14. Accordingly, he fails to show that he is entitled to relief on this ground.

B.      *Failure to Investigate*

Next, Everette argues that his trial counsel failed to investigate telephone records that would show that he did not make certain telephone calls as testified to by witnesses. But Everette fails to identify evidence showing (1) that such telephone records existed, (2) that defense counsel had failed to investigate the telephone records, and (3) that the telephone records, if introduced as trial evidence, would have had any identifiable impact on the outcome of his trial. Instead, Everette merely cites to a portion of the record in which the trial court ordered the State to allow defense counsel to inspect Everette's cell phone if the State possessed it. Everette fails to identify evidence supporting his claim that defense counsel was ineffective for failing to adequately investigate. Therefore, this claim fails.

C.      *Failure to Object*

Next, Everette argues that his trial counsel was ineffective for failing to object to (1) an erroneous attempted first degree kidnapping to-convict instruction, (2) erroneous deadly weapon

special verdicts instructions, and (3) the jury's rendering of inconsistent verdict. As addressed above, the to-convict instruction for attempted first degree kidnapping and the deadly weapons special verdict instructions were not erroneous. Also as addressed above, even assuming that the jury returned inconsistent verdicts, Everette was not entitled to reversal of his convictions on that basis. Accordingly, Everette cannot demonstrate ineffective assistance for failing to object on any of these grounds.

### VII. INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

Finally, Everette argues that his appellate counsel was ineffective for failing to raise all of the above claims on direct appeal. Because none of the above claims have merit, he cannot demonstrate that appellate counsel was ineffective for failing to raise them on direct appeal.

We deny Everette's petition.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

LEE, J.

We concur:

WORSWICK, J.

MAXA, A.C.J.

9